poses of enforcing the Ethics Act's remedial purposes?

■

**COMMONWEALTH of Pennsylvania,
Respondent**

v.

**Jennifer Marie BALLARD, Petitioner.**

Supreme Court of Pennsylvania.

Jan. 12, 2011.

### *ORDER*

PER CURIAM.

**AND NOW,** this 12th day of January, 2011, the Petition for Allowance of Appeal is **GRANTED,** and the order of the Superior Court is **VACATED.** The Superior Court erred by concluding, under the coordinate jurisdiction doctrine, that it was bound by its prior decision in *Commonwealth v. Jackson,* 991 A.2d 358 (Table) (Pa.Super.2010). Petitioner was not a party to the appeal of her co-defendant in *Jackson,* and raised distinct legal challenges in her appeal to the Superior Court. *See Ario v. Reliance Ins. Co.,* 602 Pa. 490, 980 A.2d 588, 597 (2009) (holding that, under the coordinate jurisdiction doctrine, judges of equal jurisdiction sitting **in the same case** should not overrule each others' decisions).

This case is **REMANDED** to the Superior Court with instructions to conduct a merits review of Petitioner's challenge on direct appeal to the legality of the inventory search of the vehicle following Petitioner's arrest.

Jurisdiction relinquished.

Justice ORIE MELVIN did not participate in the consideration or decision of this matter.

■

**COMMONWEALTH of Pennsylvania,
Petitioner**

v.

**David L. BRADFORD, Respondent.**

Supreme Court of Pennsylvania.

Jan. 12, 2011.

### *ORDER*

PER CURIAM.

**AND NOW,** this 12th day of January 2011, the Petition for Allowance of Appeal is **GRANTED.** The issue, as stated by petitioner, is:

Whether the Superior Court erred in ruling that the trial court was correct in determining that the Commonwealth did

not act with due diligence in bringing respondent to trial?

Justice ORIE MELVIN did not participate in the consideration or decision of this matter.

Justice ORIE MELVIN did not participate in the consideration or decision of this matter.